IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
PDM STEEL SERVICE CENTERS, INC.,  )
a California Corporation,         )   2:10-cv-00717-GEB-KJN
                                  )
          Plaintiff,              )
                                  )   ORDER
     v.                           )
                                  )
TML DEVELOPMENT LLC, a            )
Washington limited liability      )
company; CONXTECH, INC., a        )
Delaware corporation, and DOES 1  )
through 20, inclusive,            )
                                  )
          Defendants.             )
_____ )
                                  )   2010-20088-C-11
In re TML Development, LLC        )
                                  )
_____ )
```

Defendant filed a Notice of Related Bankruptcy Case and Request to Reassign Matter to Bankruptcy Court in this interpleader action on April 2, 2010, stating "this action is related to a Chapter 11 bankruptcy case currently pending before the United States Bankruptcy Court, Eastern District, entitled In re TML Development, LLC, Case No. 2010-20088-C-11 (the "Bankruptcy Action")." (Docket No. 10, 1:22-24.) Plaintiff consents to the requested reassignment in the parties' Joint Status Report filed on June 28, 2010. (Docket No. 12, 4:11-13, 4:21-22.)

Defendant contends this action is "related" to the Bankruptcy Action under Local Rule 123(a) and 28 U.S.C. § 1334 for reasons including:

> "The steel sale proceeds at issue in the Interpleader Action constitute property of [Defendant's] bankruptcy estate, which is subject to various claims by [Plaintiff] for a warehouseman's lien, and other creditors in [Defendant's] bankruptcy. Specifically, [Defendant] is informed and believes that its primary creditor(s)... may assert rights to the steel sale proceeds in the Eastern District bankruptcy case, which [Defendant] will dispute. [Defendant's primary creditors] are not currently parties to the Interpleader Action, but are active participants in the Eastern District Bankruptcy Court case where the Interpleader Action issues can be resolved. [¶] The respective rights of the parties to the sale proceeds can be efficiently determined by the Eastern District Bankruptcy Court, which already has exclusive jurisdiction over [Defendant's] assets including the steel sale proceeds, and the various creditors who assert rights to those assets. See 28 U.S.C. § 1334(d)(in a case under Title 11 the district court…" shall have exclusive jurisdiction of all property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."). Otherwise, the parties will have to resolve the issues related to [Defendant's] bankruptcy and the steel proceeds in disparate courts within the Eastern District, with the attendant duplication of judicial resources and possibility of inconsistent rulings.

(Docket No. 12, 4:3-10, 4:13-21.)

Since the actions appear related under both Local Rule 123 and 28 U.S.C. § 1334(b), action No. 2:10-cv-00717-GEB-KJN is referred to the United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Court") for all further proceedings under 28 U.S.C. § 157. Any dates currently set in the referred case are vacated. The Clerk shall file a copy of this order in the Bankruptcy Court Case No. 2010-20088-C-11.

Dated: June 30, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge